**Harry E. PEEBLES, Plaintiff,**

v.

**NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, Defendant.**

Civ. A. No. 3:88–2463–16H.

United States District Court,
D. South Carolina,
Columbia Division.

Feb. 10, 1989.

Harry E. Peebles, Belvedere, S.C., pro se.

William L. Pope, Columbia, S.C., for defendant.

ORDER

HENDERSON, District Judge.

This matter is before the Court on the defendant's motion for a dismissal of the plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The plaintiff, a resident of Georgia proceeding *pro se*, apparently is disgruntled with the University of Georgia's denial of admission to his son. The plaintiff, however, has chosen to sue the National Collegiate Athletic Association in federal court in South Carolina. Magistrate Charles W. Gambrell filed a report on November 10, 1988 recommending that the Court grant the defendant's motion for dismissal. The plaintiff filed an objection to the magistrate's report on December 1, 1988. After *de novo* review of the matter, the Court accepts the magistrate's recommendations and grants the defendant's motion.

The plaintiff, Harry E. Peebles ("Peebles"), filed a complaint against the National Collegiate Athletic Association ("NCAA") on September 21, 1988. Peebles represents himself and has filed numerous randomly labelled pleadings and motions. The Court is unable to decipher these writings to determine the legal grounds upon which the plaintiff bases this suit. This Court, like the magistrate, has remained mindful of Peebles's *pro se* status, but concurs with the magistrate's conclusion that Peebles has failed to state any legally cognizable claim against the NCAA. In addition, any claim that Peebles may have against this defendant, the University of Georgia, or the Southeast Conference is not on his behalf, but is instead on behalf of his presumably emancipated son. The magistrate correctly concluded that Peebles lacks standing to bring this lawsuit to redress an injury allegedly inflicted upon a third party. *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Accordingly, the Court orders that the plaintiff's complaint be dismissed.

IT IS SO ORDERED.